Ex. C-2
3/6/19



U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| CRAIG CARPENITO<br>United States Attorney<br><br>JASON M. RICHARDSON<br>Assistant United States Attorney | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   856/757-5026<br>401 Market Street, 4th Floor   Fax: 856/968-4917<br>Post Office Box 2098   Direct Dial: 856/968-4869<br>Camden, New Jersey 08101-2098 |

JMR:2018R00916
Yang/Plea Agreement 2

January 7, 2019

James J. Gerrow, Jr., Esquire
Sitzler & Sitzler
1487 State Highway 38 West
Hainesport, New Jersey 08036

      Re:   Plea Agreement with Katelyn McClure

Dear Mr. Gerrow:

      This letter sets forth the plea agreement between your client, Katelyn McClure, and the United States Attorney for the District of New Jersey ("this Office").

### Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Katelyn McClure to a single-count Information which charges her with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. If Katelyn McClure enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Katelyn McClure for her role in the scheme to defraud donors of the GoFundMe campaign entitled "Paying it Forward" from in or about November 2017 to in or about September 2018, as charged in the Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Katelyn McClure may be commenced against her, notwithstanding the expiration of the limitations period after Katelyn McClure signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 to which Katelyn McClure agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon Katelyn McClure is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Katelyn McClure ultimately will receive.

Further, in addition to imposing any other penalty on Katelyn McClure, the sentencing judge: (1) will order Katelyn McClure to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Katelyn McClure to pay restitution pursuant to 18 U.S.C. § 3663 <u>et seq.</u>; (3) may order Katelyn McClure, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; and (4) pursuant to 18 U.S.C. § 3583, may require Katelyn McClure to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Katelyn McClure be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Katelyn McClure may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Katelyn McClure agrees to make full restitution to the victims for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense. Katelyn McClure specifically agrees that for purposes of sentencing, uncharged offenses and/or dismissed counts will be treated as relevant conduct pursuant to U.S.S.G. § 1B1.3, to the extent that the offenses are related to the counts of conviction. Notwithstanding the above, the defendant reserves her right to argue that the Court apportion her restitution pursuant to 18 U.S.C. § 3664(h).

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Katelyn McClure by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Katelyn McClure's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Katelyn McClure agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Katelyn McClure from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Katelyn McClure waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

The defendant understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and

3

removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Katelyn McClure. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Katelyn McClure.

No provision of this agreement shall preclude Katelyn McClure from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Katelyn McClure received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Katelyn McClure and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

BY: JASON M. RICHARDSON
Assistant U.S. Attorney

APPROVED:

MATTHEW J. SKAHILL
Deputy U.S. Attorney

5

I have received this letter from my attorney, James J. Gerrow, Jr., Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____            Date: 1/30/2019
KATELYN MCCLURE

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____            Date: 1/30/2019
JAMES J. GERROW, Jr., Esquire

Plea Agreement With Katelyn McClure

Schedule A

1. This Office and Katelyn McClure recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Katelyn McClure nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2X1.1 which provides for the base offense level from the guideline for the substantive offense, plus any adjustments. See U.S.S.G. § 2X1.1(a).

4. The substantive offense is wire fraud. The applicable guideline U.S.S.G. § 2B1.1. The Base Offense Level is 7. U.S.S.G. § 2B1.1(a)(1).

5. Because the loss resulting from the criminal conduct is more than $250,000 but not more than $550,000, Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(G) applies, resulting in an increase of 12 levels.

6. Because the offense involved 10 or more victims, Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A) applies, resulting in an increase of 2 levels.

7. Accordingly, the adjusted offense level for Count 1 is 21.

8. As of the date of this letter, Katelyn McClure has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Katelyn McClure's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Katelyn McClure has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Katelyn McClure's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Katelyn McClure enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Katelyn McClure's

acceptance of responsibility has continued through the date of sentencing and Katelyn McClure therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Katelyn McClure's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Katelyn McClure is 18 (the "agreed total Guideline offense level").

11. The parties agree not to seek or argue for any upward or downward departures (at Step II of Sentencing), adjustments or variances not set forth herein. Katelyn McClure reserves the right to move for a reduced sentence pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a)(1) and (2) (at Step III of Sentencing). The United States reserves the right to oppose any such application.

12. Katelyn McClure knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 18. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 18. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.